IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 10-92-GF-BMM-02 |
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| DAGMAR EVYONNE JOHNSON, | |
| Defendant. | |

## I. Synopsis

The United States accused Dagmar Evyonne Johnson of violating her conditions of supervised release by 1) submitting a positive urine sample for methamphetamine on November 19, 2105, 2) failing to report for urinalysis testing on May 12, 2016, 3) failing to report for urinalysis testing on August 17, 2016, 4) failing to provide ten days prior notice of a change in address, 5) providing a positive urine sample for methamphetamine on June 8, 2017, and admitting to using methamphetamine on June 3, 2017, 6), admitting that she had used methamphetamine on June 12, 2017, 7) admitting that she had used methamphetamine on July 17, 2017, and 8) admitting she had used methamphetamine a day or two after July 21, 2017. Ms. Johnson's supervised

1

release should be revoked. She should be sentenced to six months of custody.

## II. Status

On April 4, 2011, Ms. Johnson pleaded guilty to the offense of Distributing a Controlled Substance in or Near a School. United States District Court Judge Sam E. Haddon sentenced Ms. Johnson to twelve months of custody, with seventy-two months of supervised release to follow. (Doc. 37). Ms. Johnson's term of supervised release began on December 23, 2011.

On August 28, 2014, United States District Court Judge Brian Morris approved a Request for Modifying the Conditions of Supervision with the Consent of Offender, which added substance abuse treatment as a condition of supervision, due to Ms. Johnson's refusal to provide a urine sample and testing positive for illegal drug use. (Doc. 40).

On March 28, 2015, Judge Morris approved a Report on Offender Under Supervision, which reported that Ms. Johnson had committed new violations by driving under the influence of drugs, failing to carry proof of insurance (her 2nd offense), and driving without a valid license. Ms. Johnson was reported to have been using methamphetamine, and that she only had sixty-seven of the ninety-two oxycodone pills she had been that morning. (Doc. 41). The Court was made aware that Ms. Johnson had recently completed inpatient treatment, and that a plan was in

2

place to address the violations.

On May 28, 2015, the United States Probation Office filed a petition asking the Court to revoke Ms. Johnson's supervised release. (Doc. 42). She admitted to methamphetamine use and failing to report for urinalysis testing. Her supervision was revoked, and Ms. Johnson was sentenced to four months in custody with twenty-four months of supervised release to follow. (Doc. 54). Ms. Johnson began her current term of supervised release on September 25, 2015.

**Petition**

The United States Probation Office filed a petition asking the Court to revoke Ms. Johnson's supervised release on August 28, 2017, alleging that she violated the terms of her supervised release. The Petition alleged that she had 1) submitted a urine sample which tested positive for methamphetamine use on November 19, 2015, and admitted to its use, 2) failed to report for required urinalysis testing on May 12, 2016, 3) failed to report for required urinalysis testing on August 17, 2016, 4) failed to provide ten days prior notice of a change in address after a failed home visit on December 21, 2016, 5) provided a positive urine sample for methamphetamine on June 8, 2017, and admitted to using methamphetamine on June 3, 2017, 6), admitted that she had used methamphetamine on June 12, 2017, after a sweat patch was placed on her, which

tested positive for methamphetamine use, 7) admitted that she had used methamphetamine on July 17, 2017, after a sweat patch was placed on her, which tested positive for methamphetamine use, and 8) admitted she had used methamphetamine a day or two after July 21, 2017, after a sweat patch was placed on her, which tested positive for methamphetamine use . (Doc. 56). Based on the Petition, Judge Morris issued a warrant for Ms. Johnson's arrest. (Doc. 57).

**Initial appearance**

Ms. Johnson appeared before the undersigned on September 14, 2017, in Great Falls, Montana, for an initial appearance. Federal Defender Hank Branom accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Ms. Johnson said she had read the petition and understood the allegations. Ms. Johnson waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Ms. Johnson admitted that she violated the conditions of her supervised release as alleged in the petition. The violations are serious and warrant revocation of Ms. Johnson's supervised release.

Ms. Johnson's violation grade is Grade C, her criminal history category is II,

and her underlying offense is a Class B felony.  She could be incarcerated for up to thirty-six months and ordered to remain on supervised release for twenty-four months, less any custody time imposed.  The United States Sentencing Guidelines call for four to ten months in custody.

Mr. Branom recommended a sentence on the very low end of the guidelines, as Ms. Johnson was very close to completing her term of supervised release.  Ms. Betley did not make a recommendation.  Ms. Johnson addressed the Court and acknowledged that she had several violations, but informed the Court that she was very ill.

### III.  Analysis

Ms. Johnson's supervised release should be revoked because she admitted violating its conditions.  Ms. Johnson should be sentenced to six months of custody.  The sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.

### IV.  Conclusion

Ms. Johnson was advised that the above sentence would be recommended to Judge Morris.  The Court reminded her of her right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Ms. Johnson's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Ms. Johnson's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

Ms. Johnson violated the conditions of supervised release by 1) submitting a positive urine sample for methamphetamine on November 19, 2105, 2) failing to report for urinalysis testing on May 12, 2016, 3) failing to report for urinalysis testing on August 17, 2016, 4) failing to provide ten days prior notice of a change in address, 5) providing a positive urine sample for methamphetamine on June 8, 2017, and admitting to using methamphetamine on June 3, 2017, 6), admitting that she had used methamphetamine on June 12, 2017, 7) admitting that she had used methamphetamine on July 17, 2017, and 8) admitting she had used methamphetamine a day or two after July 21, 2017.

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Ms. Johnson's supervised release and committing Ms. Johnson to the custody of the United States Bureau of Prisons for six months.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to

which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 27th day of September, 2017.

_____
John Johnston
United States Magistrate Judge